

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

Affirmed by Creps v.
Bd. of Firemen's Relief
and Retirement Fund
456 SW 2d page 434,438

May 15 , 1970

Mrs. Marie Winters
Firemen's Pension Commissioner
1010 Sam Houston Building
Austin, Texas  78701

Opinion No. M-631

Re:   Construction of Section 7F,
      Article 6243e, Firemen's
      Relief and Retirement Fund
      Act, S.B. 473, Acts, 61st
      Leg., R.S., 1969, ch. 768,
      p. 2281.

Dear Mrs. Winters:

        In your letter requesting an opinion from this office, you submit the following facts:

        "Most of the thirty-seven (37) fully paid fire departments that participate in the State Firemen's Pension System are having actuarial studies made and increasing benefits as provided under Section 7F.  Three of these departments, Amarillo, Lubbock and Abilene have raised benefits which, in my opinion, are not permissible under Section 7F.

        "Amarillo and Lubbock have voted to pay a lump sum of $2,500.00 to a retiring fireman plus his regular monthly pension.  No lump sum payment is provided in the Act; however, a lump sum may be permissible to firemen, however, the two towns mentioned have also voted to pay a lump sum of $2,500.00 to the widow of a fireman who dies after the new benefits are voted in."

        With regard to these facts you ask the following questions:

        "May I have your official ruling on whether or not the lump sum to firemen is legal and also are changes to widows benefits legal.  . . ."

        Section 7F was initially amended by S.B. 397, Acts 61st Leg., R.S., 1969, chapter 174, Section 3, page 508, and

-3019-

provides as follows:

"Sec. 3. Section 7F, Chapter 125, Acts
of the 45th Legislature, Regular Session, 1937,
(Article 6243e, Vernon's Texas Civil Statutes)
as added by Section 4, Chapter 167, Acts of the
60th Legislature, Regular Session, 1967, is
amended to read as follows:

"'Sec. 7F. In cities of less than one hundred
eighty-five thousand (185,000), according to the
last preceding Federal Census, the monthly pension
allowance as provided for under Sections 6, 7 and
7A of this Act, and in cities of more than one
hundred eighty-five thousand (185,000) the monthly
pension allowance as provided for under Sections
6B, 7B, and 7C of this Act, may be increased pro-
vided that:

"'(1) the increase is first approved by an
actuary qualified by training and experience in
the field of retirement programming and who is
selected by a four-fifths vote of the Board of
Trustees of the Firemen's Relief and Retirement
Fund;

"'(2) a majority of the participating mem-
bers of the pension fund vote for the increased
monthly pension allowance by a secret ballot;

"'(3) the increase applies only to active
full time firemen in the department at the time
of the increase and those who enter the depart-
ment thereafter.'"

Section 7F was subsequently amended during the same
session of the Legislature by S.B. 473, Acts 61st Leg., R.S.,
1969, chapter 768, Section 1, p. 2281, and provides as follows:

"Sec. 7F. This section applies to all
cities and towns which are now within or which
may hereafter come within the provisions of this
Act. The Board of Trustees, as prescribed by law,
of any such city or town may modify or change in
any manner whatsoever any of the benefits provided
hereunder and may modify or change in any manner

whatsoever any of the eligibility requirements for such benefits provided that:

"(1) the change or modification is first approved by a qualified actuary selected by a four-fifths vote of the Board of Trustees of the Firemen's Relief and Retirement Fund; such qualified actuary shall (a) if an individual, be a Fellow of the Society of Actuaries or a Fellow of the Conference of Actuaries in Public Practice or a Member of the American Academy of Actuaries;

"(2) a majority of the participating members of the pension fund vote for the change or modification by a secret ballot;

"(3) the change or modification applies only to active full time firemen in the department at the time of the change or modification and those who enter the department thereafter; and

"(4) the change or modification does not deprive a member, without his written consent, of a right to receive benefits hereunder which have already become fully vested and matured in such member." (Emphasis added.)

S.B. 473, in authorizing cities or towns to modify or change in any manner whatsoever all of the pension benefits provided for in Article 6243e, and in addition authorizing the cities to modify or change in any manner whatsoever any of the eligibility requirements for such benefits, broadens considerably the scope and application of Section 7F as amended by S.B. 397. The Legislature in granting the cities such broad authority to operate their individual Firemen's Relief and Pension Fund is presumed to have acted with full knowledge of all existing statutes, especially those dealing with the subject matter of the new statute; that is S.B. 473. Garner v. Lumberton Independent School District, 430 S.W.2d 418 (Tex.Civ.App. 1968, no writ).

Under the broad authority of S.B. 473, supra, the Board of Trustees of the Firemen's Relief and Retirement Fund Trustees of a town or city would be authorized, under the prescribed procedure, to modify or change any existing pension benefit provided for in Article 6243e, Vernon's Civil Statutes, the Firemen's Relief and Retirement Fund Act. This authority would include the

granting of a lump sum payment in addition to a regular monthly pension to those firemen or their survivors who were active full-time firemen in the department on the date the additional lump sum payment is voted on and adopted by the membership and those who entered the department after such date as active full-time firemen. This would preclude any pension modification or change in the form of an additional lump sum payment in pension benefits to retired firemen or their survivors.

Section 6a, Article 6243e, contains a provision similar to Section 7F, Article 6243e, which requires an election for the adoption of additional pension benefits. In construing this Section, Attorney General's Opinion No. WW-1168 (1961) holds:

"... those persons who have 'retired' and who have received retirement benefits prior to the election discussed above have no right to participate in or otherwise receive benefits under Section 6a of Article 6243e, Vernon's Civil Statutes."

It is our opinion that this reasoning is applicable to the construction of the provisions of Section 7F.

Therefore, on the basis of the foregoing discussion, it is our opinion that under the provisions of Section 7F, Article 6243e, Firemen's Relief and Retirement Fund Act (S.B. 473, Acts 61st Leg., R.S., 1969, ch. 768, p. 2281), that a lump sum payment in addition to a regular monthly pension is authorized to be paid to a retired fireman or his survivor if such additional payment was adopted at the time such fireman was an active full-time fireman in the department or prior to the time such fireman entered the department as an active full-time fireman.

## S U M M A R Y

Under the provisions of Section 7F, Article 6243e, Firemen's Relief and Retirement Fund Act (S.B. 473, Acts 61st Leg., R.S., 1969, ch. 768, p. 2281) a lump sum payment, in addition to a regular monthly pension, is authorized to be paid to a retired fireman or his survivor, if such additional payment was adopted at the time he was an active full time fireman in the department or prior to the time such fireman entered the department as an active full-time fireman.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Sam Jones
Malcolm Quick
Jack Sparks
Houghton Brownlee

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant